UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL LAMADRIZ MERCHAN,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,<br>Respondent. | Case No. 1:26-cv-7959-DAD-JDP<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Petitioner Joel Lamadriz Merchan, a citizen of Cuba, was ordered removed to Cuba by an immigration judge on March 18, 2026, and detained by ICE for removal. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, alleging that his continued detention is illegal under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) as his removal is not reasonably foreseeable. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

Petitioner arrived at a port of entry on March 17, 2019, and requested asylum. ECF No. 8 at 49. Immigration authorities took him into custody and then paroled him into the United States on May 7, 2019. *See id.* at 99. On May 12, 2021, petitioner adjusted his status to a lawful permanent resident pursuant to the Cuban Adjustment Act. *Id.* at 49. Since then, petitioner has

been convicted of traffic, drug, and property crimes. *See id.* at 13-44.

On April 6, 2025, ICE encountered petitioner in a local jail and placed a detainer on him. *Id.* at 49. On July 28, 2025, ICE took petitioner into custody. *Id.* at 46. On March 17, 2026, petitioner filed a petition for writ of habeas corpus in the Southern District of Florida, where he was detained in immigration custody. *See id.* at 100. On March 18, 2026, an immigration judge ordered petitioner removed to Cuba. ECF No. 8 at 92. Petitioner waived appeal, and the removal order became final. *Id.* at 93, 95. Petitioner has been in custody since that time under 8 U.S.C. § 1231.

On May 6, 2026, the Southern District of Florida denied the petition on the basis that petitioner was still within the presumptively reasonable six-month detention period under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). *Id.* at 104. On September 17, 2026, deportation officers interviewed petitioner regarding whether he would "remain in custody or be released." ECF No. 1 at 21-23. Petitioner filed the instant petition on September 28, 2026.[1] ECF No. 1.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas*, 533 U.S. at 687.

[1] Petitioner filed a motion for appointment of counsel. ECF No. 4. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." *See* Rule 8(c), Fed. R. Governing § 2254 Cases. I do not find that the interests of justice require appointment of counsel at the present time. Petitioner's motion to appoint counsel is therefore denied.

**Analysis**

Petitioner asserts that his removal is not reasonably foreseeable under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001), and thus his continued detention is no longer authorized by 8 U.S.C. § 1231(a)(6). ECF No. 1 at 2. Respondent does not respond to that claim or provide any indication that removal is likely. *See* ECF No. 8. Rather, respondent argues that the petition should be denied as successive as the claim "could have been raised in his recently decided habeas case." ECF No. 8 at 5.

In *Zadvydas*, the Supreme Court considered prolonged immigration detention after a final order of removal. Although the government has statutory authority to detain noncitizens for removal, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas*, 533 U.S. at 699. The Supreme Court established a burden-shifting framework to determine whether continued immigration detention is lawful and adopted a presumption that immigration detention is reasonable for a period of up to six months, after the final order of removal, when the detention is related to effectuating removal. *Id.* at 701. After the first six months of detention, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Petitioner's removal order was final on March 18, 2026. ECF No. 8 at 92. Petitioner's first habeas petition was denied on May 6, 2026, on the ground that petitioner was still detained within the six-month presumptively reasonable period under *Zadvydas*. *Id.* at 104. That six-month period ran out over a month ago, on September 18, 2026. Petitioner filed his current petition ten days after that date. ECF No. 1. Petitioner's claim that he is being unreasonably detained beyond the six-month period and that his removal is not reasonably foreseeable was only ripe in mid-September and thus could not have been raised in his March 2026 petition. Raising that issue now is not abuse of the writ.

The government was not able to remove petitioner within the 90-day statutory period provided by 8 U.S.C. § 1231(a)(1)(A). The government has not been able to remove petitioner in the seven months since his removal order was final. Petitioner asserts that Cuba "does not

cooperate[] with U.S. deportation efforts." *Id.* at 2. In his reply, petitioner states that Cuba has stated that it will not accept him or issue a travel document to execute a removal. ECF No. 10 at 1. The deluge of cases involving the government's inability to remove noncitizens to Cuba supports petitioner's contention. *See Obando Vargas v. Blanche*, No. 1:26-cv-5343-DAD-AC, 2026 WL 2056618, at *2 (E.D. Cal. July 16, 2026) (addressing government's intent to remove Cuban to Mexico because Cuba would not accept him); *Boza-Rosales v. Blanche*, 833 F. Supp. 3d 1174, 1178 (W.D. Wash. May 15, 2026) (same); *Hernandez Betancourt v. Dep't of Homeland Sec.*, No. 1:26-cv-4501-DAD-JDP, 2026 WL 2280948 (E.D. Cal. Aug. 7, 2026) (same); *Torres Cruz v. Chestnut*, No. 1:26-cv-4690-DAD-SCR, 2026 WL 2057108 (E.D. Cal. July 16, 2026) (same); *Palmer-Sardinas v. Chestnut*, No. 1:26-cv-3520-DC-SCR, 2026 WL 2043395 (E.D. Cal. July 15, 2026), *report and recommendation adopted*, 2026 WL 2216044 (E.D. Cal. July 31, 2026) (same).

Petitioner alleges, and respondent does not contest, that he has "cooperated fully with all of ICE efforts to remove petitioner in the following ways[:] provided information about petitioner's country of birth, citizenship, and fingerprints, nonetheless, ICE has been unable to remove petitioner from the U.S." ECF No. 1 at 2. Petitioner buttresses his claim that his removal is not reasonably foreseeable with a copy of the interview that deportation officers conducted on September 17, 2026, the last day of the presumptively reasonable period. *See id.* at 21. This interview for purpose of determining whether petitioner could be released strongly suggests that there was no plan to remove petitioner in the reasonably foreseeable future. Importantly, although respondent attaches over a hundred pages of exhibits, it does not cite any evidence that removal is significantly likely to occur.

In *Zadvydas*, the Court directed lower courts to "measure reasonableness . . . in terms of the statute's basic purpose, . . . assuring the alien's presence at the moment of removal." *Zadvydas*, 533 U.S. at 699. Given petitioner's allegation that Cuba will not accept him, and the lack of any evidence to the contrary by respondent, I find that the evidence before me shows no significant likelihood of removal in the reasonably foreseeable future. As there is no "significant likelihood that petitioner will be removed in the reasonably foreseeable future," his continued

detention is unlawful.[2] *See Aaron H. v. Chestnut*, No. 1:26-cv-1232-TLN-SCR, 2026 WL 1398910, at *2 (E.D. Cal. May 19, 2026); *Hoac v. Becerra*, No. 2:25-cv-1740-DC-JDP, 2025 WL 1993771, at *4-5 (E.D. Cal. July 16, 2025); *Castillo Rivas v. Bondi*, No. 26-cv-0134-KKE, 2026 WL 295705, at *3 (W.D. Wash. Feb. 4, 2026) (holding that the petitioner was entitled to release under *Zadvydas* where the petitioner, a Venezuelan national, refused to be removed to Mexico).

**Conclusion**

Accordingly, it is hereby ORDERED that petitioner's motion to appoint counsel, ECF No. 4, is DENIED.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent be ordered to immediately release petitioner (A-Number: 203-494-087) from its custody subject to the previously-imposed conditions of release, if any.

3. The government be ENJOINED AND RESTRAINED from re-detaining petitioner unless it obtains a travel document for his removal, if necessary, and follows all procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.

4. The Clerk of Court be directed to serve Central Valley Annex Detention Facility with a copy of this order.

5. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to

---

[2] Respondent attaches petitioner's rap sheet and criminal history records and suggests that he should not be released from custody because of his criminal history. *See* ECF No. 8 at 13-44, 53-76. The Ninth Circuit has held that "dangerousness cannot justify indefinite detention under *Zadvydas*." *Tuan Thai v. Ashcroft*, 366 F.3d 790, 798 (9th Cir. 2004); *see also Obando Vargas*, 2026 WL 2056618, at *2 (noting that the court has reminded the respondent's counsel multiple times that "criminal history is not relevant to the inquiry established in *Zadvydas* [] and advised counsel not to clog this court's docket with irrelevant evidence").

Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 23, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE